UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY F. SCHRAM, JR.,

    Plaintiff,

v.

FEDERATED FINANCIAL CORPORATION
OF AMERICA,

    Defendant.
_____/

Case No. 06-12700

Hon. John Corbett O'Meara

## ORDER DENYING PLAINTIFF'S MOTION
## FOR SUMMARY JUDGMENT

Before the court is Plaintiff's motion for summary judgment, filed November 29, 2006. Defendant submitted a response on February 1, 2007. The court heard oral argument on April 26, 2007. For the reasons stated below, Plaintiff's motion is denied.

## BACKGROUND FACTS

This case involves Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* Plaintiff, Rodney Schram, worked for ICR Services, Inc., which gave him signing authority on a MBNA business credit card. Schram did not apply for the card and was not obligated to make payments on it; rather, he used the card as part of his employment. The card was personally guaranteed by one of ICR's officers.

Defendant is in the business of purchasing commercial debts from banks. Apparently, the business credit card account once used by Plaintiff became delinquent. The account was purchased by Defendant as part of a business credit card portfolio from MBNA Bank. Defendant understood that the accounts it was purchasing were personally guaranteed by the cardholders (in this case, Plaintiff). However, this understanding was mistaken in Plaintiff's

case.

Defendant reported the MBNA credit card debt on Plaintiff's credit reports. Plaintiff disputed the debt with and requested that it be deleted from his credit reports. Plaintiff also notified Experian and Equifax of the dispute, but not Trans Union. Sometime later, Plaintiff notified Trans Union.

Plaintiff complains that the debt remained on his credit reports well after he sought validation of the debt from Defendant. Plaintiff seeks summary judgment in his favor on his Fair Debt Collection Practices Act claim.

## LAW AND ANALYSIS

Defendant asserts that it is not liable under the Act because its attempts to collect the debt from Plaintiff were a "bona fide error." See 15 U.S.C. § 1692k(c) (debt collector not liable under the Act if it demonstrates that "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error"). It appears that Defendant can raise a question of fact regarding whether the bona fide error defense applies here, given the factual scenario above and as set forth in Defendant's affidavit. See Def.'s Ex. A (Affidavit of Joan L. Flees). However, the court need not reach this question because the Act does not apply here.

Defendant contends that the Act does not apply to commercial, as opposed to consumer, debt. See First Gibraltar Bank FSB v. Smith, 62 F.3d 133 (5th Cir. 1995); Slenk v. Transworld Sys., 236 F.3d 1072 (9th Cir. 2001). The Act defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family,*

*or household purposes*, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5) (emphasis added). Based upon this language, courts have found that attempts to collect business debt are not covered by the Act, even where the collection efforts were directed at an individual. See First Gibraltar, 62 F.3d at 135-36; Slenk, 236 F.3d at 1074.

In this case, it is undisputed that the debt Defendant attempted to collect was a business debt, not a consumer debt. Accordingly, the Fair Debt Collection Practices Act does not apply. See also Levant v. American Honda Finance, 356 F. Supp. 2d 776, 782 (E.D. Mich. 2005) (noting that identical language in Michigan Collection Practices Act applies only to consumer rather than business debts).

## ORDER

Therefore, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is DENIED.

Although Defendant has not moved for judgment in its favor, the court finds that Plaintiff cannot prevail as a matter of law. The court will enter judgment in favor of Defendant.

                                          s/John Corbett O'Meara
                                          United States District Judge

Dated: April 27, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, April 27, 2007, by electronic and/or ordinary mail.

                                          s/William Barkholz
                                          Case Manager